UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 09-10333
        Honorable Julian Abele Cook, Jr.

RONALD D. PETERSON,
GLEN E. JOHNSON, and FIRST PITCH
PROPERTIES, LLC,

        Defendants.
_____/

## ORDER

On August 6, 2010, a jury found the Defendant, Glen E. Johnson, civilly liable under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631, for engaging in a pattern or practice of sexually harassing female tenants or denying protected rights as identified by the Federal Housing Administration to a group of persons. The jury also declared the Defendants, Ronald D. Peterson and First Pitch Properties, LLC, to be legally responsible for the actions of Johnson as their agent. Acting upon these conclusions, the jury rendered a verdict in the total sum of $115,000 as compensatory and punitive damages to the six women who had been harmed by the Defendants' misconduct.

The Plaintiff, the United States of America ("the Government") has now filed a motion in which it requests an additional award of civil penalties and equitable relief against the Defendants on the basis of 42 U.S.C. § 3614(d)(1). The Government's motion is opposed by Peterson. However, the Court has not received any response from the other Defendants as of this date.

I.

1

Between 2006 and 2008, Johnson committed acts of sexual discrimination against six female tenants (Julena Mills, Sharee McClendon, Shenel McFarlin, Barbara Scott, Shawn Taylor and Tameka Williams), all of whom lived in rental properties that he had mismanaged for his cousin, Ronald D. Peterson, in violation of the regulations within the FHA. The jury was presented with evidence by the Government which suggested that Peterson knew or should have known of Peterson's misconduct. During the course of the trial, the Government proffered evidence that Peterson had given too much unsupervised authority to Johnson, as a "convicted felon," to serve as his agent (i.e., locate tenants, show the homes, collect rents, and handle maintenance repairs). It was also the position of the Government that, despite having received complaints from Shawn Taylor and Shenel McFarlin in 2006 and 2007 about the inappropriate conduct by his cousin, Peterson neither intervened to stop the harassment nor trained Johnson on his need to comply with the nation's fair housing laws. Thus, armed with evidence of the misconduct by these two Defendants, along with the knowledge that Peterson had quit-claimed some of his property interests to the corporate Defendant, First Pitch Properties, LLC, the jury awarded damages against all three entities.[1]

II.

As a preliminary matter, the Court rejects an argument by Peterson that the Government's motion is a belated attempt to alter or amend the judgment under Fed. R. Civ. P. 59(e). In *Tull v. United States,* 481 U.S. 412, 425-27 (1987), the Supreme Court opined that in statutory schemes such as the one presented here, the Government may pursue civil penalties and injunctive relief

---

[1] The jury concluded that First Pitch was liable only for the individual Defendants' wrongdoing pertaining to Julena Mills.

separate and apart from the underlying question of liability. Inasmuch as Peterson has not presented any authority with which to rebut this suggested view by the *Tull* Court, or to show that the imposition of a civil fine would be legally improper, his request to deny the Government relief on this basis is denied.

Turning to the merits of the pending motion, the Government first urges the Court to exercise its discretion to assess a civil penalty in the total sum of $110,000 against two of the Defendants (representing a $55,000 fine against Johnson and a $55,000 fine against Peterson). Under 42 U.S.C. § 3614(d)(1)(D), a district court may impose a civil penalty "to vindicate the public interest." *See also, Smith & Lee Assoc., Inc. v. City of Taylor*, 13 F.3d 920, 932 (6th Cir. 1993). The maximum penalty for a first violation of the FHA is $50,000. However, it should be noted that when this assessment is adjusted for inflation, the maximum amount is $55,000. 28 C.F.R. § 85.3(b)(3). The parties jointly point to the legislative history of the FHA as a guide on those factors which should be considered by the Court when deciding whether to impose a civil penalty, including such factors as (1) the nature and circumstances of the violation, (2) the degree of culpability, (3) any history of prior violations, (4) the financial circumstances of the defendant, (5) the goal of deterrence, and (6) other matters as justice may require.

Upon reviewing these factors, the Court finds the Government's request for relief to be warranted. The nature and circumstances of the FHA violations here are significant. Johnson's misconduct involved repeated acts of sexual harassment and unwanted advances toward the six identifiable women. His behavior was egregious and interfered with the women's peaceful enjoyment of their homes, which should have been the one place where they could turn for refuge. For some of them, the record suggests that Johnson had eagerly and repeatedly exploited their plight.

His sexual advances lasted for two years, and included not only unsolicited verbal remarks of a sexual nature, but ostensibly coerced sexual relations with at least two of these women. Taken together, these factors support the imposition of a substantial fine against Johnson. Peterson's conduct, though not nearly as culpable, was also troubling inasmuch as he was wilfully impervious to the complaints from two of his tenants. At the very least, their troubling comments should have put him on notice that he should have given closer attention to Johnson's supervisory control over his tenants.

Additionally, while neither Defendant had a history of prior violations, the Government properly notes that Johnson's conduct involved a pattern of conduct over a two year period that was extensive in nature. This factor supports the Government's articulated position.

As to the monetary factors, the Court has received no evidence of Johnson's financial circumstance or inability to pay since he opted not to respond to the Government's currently pending motion. When turning to the other individual Defendant, the Government points out that Peterson filed a financial statement which indicated that he had $577,719 in net assets as of March 2009. On the other hand, Peterson submitted evidence during the trial that he had (1) lost hundreds of thousands of dollars on eleven of his properties, and (2) amassed nearly $650,000 in mortgages to cover them, despite their combined worth of $250,000 at best. Notwithstanding this argument from Peterson, the Court believes that the imposition of an appropriate civil penalty will deter similar conduct in the future by him, his cousin and fellow Defendant, as well as the corporate Defendant First Pitch, and will serve as a significant signal to other landlords that discrimination and sexual harassment in connection with housing carries the risk of significant penalties.

Accordingly, and in keeping with the relative culpability of the Defendants as expressed by

the jury, the Court believes the Government's motion to be warranted. Thus, the Court awards (1) the maximum civil penalty of Fifty-Five Thousand ($55,000) Dollars against the Defendant, Glen E. Johnson , and (2) a lesser penalty in the sum of Twenty-Seven Thousand, Five Hundred ($27,500) Dollars against the Defendant, Ronald D. Peterson.

### III.

The Government also asks the Court to award injunctive relief, as authorized by 42 U.S.C. § 3614(d)(1).

Although Peterson has noted the absence of his objection to some form of "reasonable" injunctive relief, Johnson has not responded to the Government's request. Upon reviewing the record, the Court finds that the six women, all of whom were harmed by the Defendants' invasive misconduct, have suffered irreparable injuries. Thus, (1) the imposition of injunctive relief will prevent future violations such misconduct by the Defendants, (2) the public interest would be served by the entry of an injunctive order, and (3) such an order will not be unjustly burdensome upon the Defendants. Accordingly, the Court grants the following injunctive relief, which was proposed by the Government and to which Peterson has expressed his assent:

**It is hereby ORDERED, ADJUDGED, AND DECREED as follows: GENERAL I. INJUNCTION**

1. Defendants, their agents, employees, successors, and all persons currently in active concert or participation with them, are hereby enjoined from:

    a. Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

    b. Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith,

        because of sex;

    c. Making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling unit that states any preference, limitation or discrimination based on sex; or

    d. Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by 42 U.S.C. §§ 3603 - 3606.

## II.   PERMANENT INJUNCTION RELATED TO DEFENDANT GLENN E. JOHNSON

2. Defendant Johnson is hereby permanently enjoined from operating, consulting, managing, staffing, participating in, working in (whether paid or unpaid), or otherwise having any involvement in the management, rental, or maintenance of any dwelling, as defined by the Fair Housing Act, 42 U.S.C. § 802(b).

## III.   ADOPTION AND DISTRIBUTION OF NONDISCRIMINATION POLICY BY DEFENDANTS RONNIE PETERSON AND FIRST PITCH PROPERTIES, LLC

3. Within thirty (30) days of the entry of this Order, Defendants Peterson and First Pitch Properties, LLC shall adopt and implement a written Nondiscrimination Policy for all residential properties that either of them owns, operates, or manages. The Policy shall, at minimum: identify Ronnie D. Peterson as the owner of the properties and/or the principal of First Pitch Properties, LLC and make clear that he is responsible for the overall management and operation of the property; make clear that Defendant Peterson and First Pitch Properties, LLC have a strict policy against sexual harassment and against other discrimination prohibited by the Fair Housing Act or other applicable fair housing laws and that it is their policy not to discriminate on the basis of race, color, sex, religion, national origin, disability, or familial status (having children under 18); invite tenants who believe they have experienced or seen sexual harassment or other unlawful discrimination at

the properties to contact Ronnie D. Peterson directly, file a complaint with the Department of Housing and Urban Development ("HUD"), or contact the Department of Justice; and provide a mailing address, telephone number and email address whereby such persons can contact Defendant Peterson, HUD, and the Department of Justice. Defendants shall provide a copy of the Nondiscrimination Policy to counsel for the United States at or before the time it is adopted. Thereafter, Defendants shall obtain the approval of the United States before making any changes to the Nondiscrimination Policy.

4. Within thirty (30) days of the entry of this Order, Defendants Peterson and First Pitch Properties, LLC shall distribute a copy of the Nondiscrimination Policy and a copy of the HUD booklet, "Fair Housing: Equal Opportunity for All," to each household occupying any rental dwelling that either of them own, operate or manage, and shall provide to counsel for the United States a statement certifying under penalty of perjury that they have distributed the Nondiscrimination Policy and the HUD booklet in compliance with this paragraph. Thereafter, Defendants shall provide a copy of the Nondiscrimination Policy and the HUD booklet to each new household occupying any rental dwelling that either of them own, operate or manage at or before the time that the resident(s) sign a lease or otherwise take possession of the dwelling.

**IV. NOTIFICATION TO THE PUBLIC OF DEFENDANTS PETERSON'S AND FIRST PITCH PROPERTIES, LLC'S NONDISCRIMINATION POLICY**

5. Within thirty (30) days of the entry of this Order, Defendants Peterson and First Pitch Properties, LLC shall post an "Equal Housing Opportunity" sign in any rental office either Defendant

may currently or subsequently use for the rental of dwellings, which sign indicates that all apartments are available for rent on a nondiscriminatory basis. An 11-inch-by-14-inch poster

substantially equivalent to HUD Form 928.1 will satisfy this requirement. Such poster shall be placed in a prominent, well-lit, and easily readable location. Copies of HUD Form 928 are available free of charge by calling HUD directly at 800-669-9777, 800-765-9372, TTY 312- 353-7143, or 312-353-7776.

6.     Defendants Peterson and First Pitch Properties, LLC shall require that all advertising conducted for any of their current or future properties in newspapers, telephone directories, radio, television or other media, and all billboards, signs (including any sign at the entrance to a property), pamphlets, brochures and other promotional literature, include either a fair housing logo, the words "equal housing opportunity provider," and/or the following sentence:

> We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability.

The words or logo should be legible and prominently placed.

## V. TRAINING

7.     Within thirty (30) days of the entry of this Order, Defendants Peterson and First Pitch Properties, LLC shall provide a copy of this Order to their agents and employees involved in showing, renting, managing, or providing maintenance for any dwelling units either owns, operates or manages. Defendants Peterson and First Pitch Properties, LLC shall secure a signed statement from each such agent or employee acknowledging that he or she has received and read the Order and the Nondiscrimination Policy, has had the opportunity to have questions about the Order and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Order and the Policy. This statement shall be in the form of Appendix A.

8.     During the term of this Order, within five (5) days after each new agent or employee becomes involved in showing, renting, managing or providing maintenance for units owned,

operated or managed by Defendants Peterson and/or First Pitch Properties, LLC, Defendants Peterson and First Pitch Properties, LLC shall provide a copy of this Order and the Nondiscrimination Policy to each such agent or employee and secure a signed statement from each agent or employee acknowledging that he or she has received and read the Order and the Nondiscrimination Policy, has had the opportunity to have questions about the Order and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Order and the policy. This statement shall be in the form of Appendix A.

9. Within thirty (30) days from the date of entry of this Order, Defendants Peterson and First Pitch Properties, LLC, their managers, officers, trustees, and their agents and employees involved in showing, renting, managing or providing maintenance for any dwelling units Defendants Peterson and/or First Pitch Properties, LLC own operate or manage shall undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of sex. The training shall be conducted by an independent, qualified third party approved by the United States. Defendants shall obtain from the trainer certifications of attendance, executed by each individual who received the training, and shall send that certification to the United States within ten (10) days of the conclusion of the training. This confirmation shall include the name of the course, the name of the instructor, the date the course was taken, and the length of the course and/or time within which the course was completed. Defendants Peterson and First Pitch Properties, LLC will submit the name and contact information of the proposed trainer to counsel for the United States within ten (10) days of the entry of this Order. Defendants Peterson and First Pitch Properties, LLC will provide the trainer with a copy of this Order at least ten (10) days before the training.

10. At a minimum, the training required in the preceding paragraph shall consist of the

following:

    a. Instruction on the requirements of all applicable federal and state housing discrimination laws;

    b. Specific instruction on the Fair Housing Act's prohibition of sexual harassment in housing; and

    c. A question and answer session for the purpose of reviewing the foregoing areas.

11. On or before the first, second, third, and fourth anniversaries of the entry of this Order, and within sixty (60) days of the five year anniversary of the entry of this Order, Defendants Peterson and First Pitch Properties, LLC, their managers, officers, trustees, and their agents and employees involved in showing, renting, managing or providing maintenance for any dwelling units Defendants Peterson and First Pitch Properties, LLC own operate or manage shall attend additional in-person training on the Fair Housing Act consistent with the specifications set forth in paragraphs 9 and 10. Such training shall be conducted by an independent, qualified third party approved by the United States. Defendants shall obtain from the trainer certifications of attendance, executed by each individual who received the training, and shall send that certification to the United States within ten (10) days of the conclusion of each of these annual trainings.

## V. REPORTING AND DOCUMENT RETENTION REQUIREMENTS

12. During the period in which this Order is in effect, Defendants Peterson and First Pitch Properties, LLC shall notify counsel for the United States in writing within ten (10) days of receipt of any written or oral complaint against Defendant Peterson or Defendant First Pitch Properties, LLC, or Defendant Peterson's or First Pitch Properties, LLC's agents or employees, regarding discrimination in housing. If the complaint is written, Defendants Peterson and First Pitch Properties, LLC shall provide a copy of it with the notification. The notification shall include the

full details of the complaint, including the complainant's name, address, and telephone number. Defendants Peterson and First Pitch Properties, LLC shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of the substance of any resolution of such complaint.

13.     On or before the first, second, third, and fourth anniversaries of the entry of this Order, and within sixty (60) days of the five year anniversary of the entry of this Order, Defendants Peterson and First Pitch Properties, LLC shall deliver to counsel for the United States a report containing information about any property in which Defendant Peterson and/or First Pitch Properties, LLC has a management and/or ownership interest. The report shall also contain signed statements in the form of Appendix A from each agent or employee of such property who is involved in showing, renting, or managing rental units, as set forth in paragraphs 7 and 8.

14.     During the period in which this Consent Decree is in effect, Defendants Peterson and First Pitch Properties, LLC shall preserve all records that are the source of, contain, or relate to any of the information pertinent to their obligations under this Order.  Upon reasonable notice to counsel for Defendants Peterson and First Pitch Properties, LLC, representatives of the United States shall be permitted to inspect and copy all such records at any and all reasonable times or, upon request by the United States, Defendants Peterson and First Pitch Properties, LLC shall provide copies of such documents.

## VI.  CIVIL PENALTY

15.     Within sixty (60) days after the date of this Order, Defendant Johnson shall issue a certified check or money order in the amount of Fifty-Five Thousand  ($55,000) Dollars to the United States Treasury as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

Defendant shall send this payment to counsel for the United States, via overnight mail, to: Chief: Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G. Street, N.W., Washington, D.C. 20006.

16. Within sixty (30) days after the date of this Order, Defendant Peterson shall issue a certified check or money order in the amount of Twenty-Seven Thousand, Five Hundred ($27,500) Dollars to the United States Treasury as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.  Defendant shall send this payment to counsel for the United States, via overnight mail, to: Chief: Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G. Street, N.W., Washington, D.C. 20006.

## VII.  SCOPE AND DURATION OF CONSENT ORDER

17. The provisions of this Order shall apply to all Defendants, their officers, agents, employees, successors and assigns, and all persons acting in active concert or participation with them.

18. This Order shall remain in effect for five (5) years after the date of its entry, except for paragraph 2, which shall be permanent.

19. The Court shall retain jurisdiction for the duration of this Order to enforce its terms, after which time the case shall be dismissed with prejudice.  The Court may extend the duration of the Order in the interests of justice.

## VIII.  REMEDIES FOR NON-COMPLIANCE

20. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by any of the Defendants, whether willful or otherwise, to perform in a timely manner any act required by this

Order or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

    IT IS SO ORDERED.

Dated: March 3, 2011          s/Julian Abele Cook, Jr.
    Detroit, Michigan          JULIAN ABELE COOK, JR.
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 3, 2011.

                                                                                    s/ Kay Doaks
                                                                                    Case Manager